Filed 7/9/26  Stith v. 111 W 7 Owner CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  Ther opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LA'ASIA STITH,<br><br>   Plaintiff and Appellant,<br><br>   v.<br><br>111 W 7 OWNER, LLC,<br><br>   Defendant and Respondent. | B350201<br><br>(Los Angeles County<br>Super. Ct.<br>No. 22STCV38688) |

APPEAL from an order of the Superior Court of Los Angeles County, Richard L. Fruin, Judge.  Dismissed.

La'Asia Stith, in pro. per., for Plaintiff and Appellant.

Kulik Gottesman Siegel & Ware and David A. Bernardoni, for Defendant and Respondent.

————————————

Plaintiff and appellant La'Asia Stith appeals the trial court's October 3, 2025 order denying her motion under Code of Civil Procedure, section 473, subdivision (b),[1] filed only with respect to defendant and respondent 111 W 7 Owner, LLC (Owner).  Stith contends the trial court failed to exercise its equitable discretion.  Owner contends Stith's motion, filed after a voluntary dismissal pursuant to settlement, was untimely and unsupported by any evidence of mistake, inadvertence, surprise or excusable neglect.  We dismiss Stith's appeal as taken from an unappealable order.

## FACTS AND PROCEDURAL BACKGROUND

The underlying case started in December 2022, when Stith and 15 other plaintiffs filed a habitability lawsuit against the current and former owners of an apartment building located in Los Angeles, California.  Defendant Owner was added to the lawsuit in April 2023.  On December 17, 2024, Stith and Owner entered into a stipulation for entry of judgment in a separate unlawful detainer action Owner had filed against Stith.  As part of the stipulation, Stith agreed to and did dismiss all of her claims against Owner in the current case.[2]

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

[2] On January 17, 2025, judgment was entered in the separate unlawful detainer action Owner had filed to evict Stith. However, based on the record, no judgment has been entered with respect to either party in the case currently before us.

On August 1, 2025, Stith filed an ex parte application for an order setting aside the December dismissal and leave to file a first amended complaint. On September 9, 2025, the trial court denied Stith's ex parte application, but also set a briefing schedule, stating its intent to consider the ex parte application as a noticed motion. At a hearing on September 30, 2025, Stith asked the court to exercise its authority to set aside the dismissal based on equitable factors, and the court took the matter under submission.

On October 3, 2025, the court issued a written order denying Stith's motion. The court reasoned that Stith had made no showing, as required under section 473, subdivision (b), that the dismissal she sought to vacate "was taken 'through . . . her mistake, inadvertence, surprise or excusable neglect.' " In addition, Stith had dismissed her claims against Owner as part of a settlement in which she received $20,000 in relocation expenses and Owner agreed not to collect past due rent. "If the Court were to grant Stith's [motion] to vacate her dismissal, it would nullify her settlement with the [Owner] because her dismissal was required by the settlement." The court concluded that Stith had not shown any basis to set aside the dismissal "under section 473(b) or on any other legal basis."

On October 7, 2025, Stith filed a notice of appeal.

## DISCUSSION

Stith's brief contains no record citations.[3] We have disregarded factual statements in the parties' briefs that are not accompanied by accurate references to the superior court record. (Cal. Rules of Court, rule 8.204(a)(1)(C); *Fierro v. Landry's Restaurant Inc.* (2019) 32 Cal.App.5th 276, 281, fn. 5 ["appellate courts may ' "disregard any factual contention not supported by a proper citation to the record" ' "]; *County of Riverside v. Workers' Comp. Appeals Bd.* (2017) 10 Cal.App.5th 119, 124 [courts " 'ignore' " factual statements in appellate briefs that do not contain record references].)

At the outset, we disagree with Stith's position that the denial of her motion is appealable under section 904.1, subdivision (a)(2), as a post-judgment order. (*Jackson v. Kaiser Foundation Hospitals, Inc.* (2019) 32 Cal.App.5th 166, 171.) Our record on appeal does not include a judgment in the underlying case, and Stith motion followed entry of a dismissal without prejudice. "A voluntary dismissal by the clerk *without* prejudice . . . is clearly not a judgment." (*Gassner v. Stasa* (2018) 30 Cal.App.5th 346, 354.) An order denying a motion under section 473, subdivision (b), when no judgment has been entered "is not independently appealable." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981 (*Rappleyea*).) Because Stith has not

---

[3] Pursuing her motion and on appeal, Stith has represented herself without an attorney. "[I]n California we have consistently held self-represented litigants are held to the same standard of knowledge of law and procedure as an attorney." (*Simms v. Bear Valley Community Healthcare Dist.* (2022) 80 Cal.App.5th 391, 406, fn. 5.)

4

established that we have jurisdiction to entertain her appeal, we dismiss the appeal.

For Stith's benefit, we also note that even if the trial court's order were appealable, her arguments are not well taken. First, because Stith's motion was filed more than six months after she filed her dismissal, she is not entitled to statutory relief. (§ 473, subd. (b); *Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 258 [A party's motion for relief "must be made 'within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken.' "]) Second, Stith has not cited to any legal authority that equitable relief is available outside the context of a default or default judgment. (See, e.g., *Rappleyea, supra*, 8 Cal.4th at p. 981; *Mechling v. Asbestos Defendants* (2018) 29 Cal.App.5th 1241, 1245–1246.)

## DISPOSITION

The appeal by plaintiff and appellant La'Asia Stith is dismissed. Defendant and respondent 111 W 7 Owner, LLC is awarded its costs on appeal.

NOT TO BE PUBLISHED.


MOOR, J.


WE CONCUR:


HOFFSTADT, P. J.          BAKER, J.

5